UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARL D. SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 1:20-cv-2923 |
| | ) |
| ID CASTINGS, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Carl D. Sanders ("Sanders"), by counsel, against Defendant, ID Castings, LLC ("Defendant"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e. *et. seq.*

**II. PARTIES**

2. Sanders is a resident of the State of Indiana, who at all relevant times to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C.§1343 and 42 U.S.C. §2000e-5(f)(3).

1

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. Sanders was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Sanders satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on race and retaliation. Sanders received his Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this court.

## IV. FACTUAL ALLEGATIONS

9. Sanders is African American.

10. On or about October 25, 2016, Sanders was hired by Defendant as a Grinder.

11. At all relevant times, Sanders met or exceeded Defendant's legitimate performance expectations.

12. In or about July 2017, Sanders was promoted to Finishing Room Supervisor.

13. In or about December 2017, Sanders learned that all supervisors received a $1.50 per hour raise. Sanders did not receive a raise.

14. Sanders complained to Joy Abel, Human Resources, about not receiving a raise; however, she did not rectify the situation.

15. Sanders complained to Jeff Kruse, Assistant Warehouse Manager, that he had not gotten the same raise as the other supervisors, noting that he felt that he was being discriminated against. Kruse indicated that he would look into it. Later, Kruse returned to Sanders and informed him that he could not get him the same $1.50 per hour raise but did get him a $1.00 per hour raise to $20.00 per hour. Sanders informed Kruse that he was already earning that, so it was not a raise.

16. In or about March 2018, Sanders complained to Dave Beddows ("Beddows"), Vice President of Warehousing for Crown Equipment, that he was not given the raise that was given to all other supervisors and he felt that he was being treated differently than the other supervisors because of his race. Beddows addressed the issue and Sanders was given a raise to $21.50 per hour in or about May 2018.

17. The following year, in May 2019, Sanders again complained to Abel that he had not received the annual 3% increase in pay given to the other supervisors. He also complained that other supervisors were given a laptop, but he was not provided one, which made it more difficult to perform his job duties. Nothing was done to rectify the situation.

18. In or about September 2019, Sanders again complained of discrimination when he spoke with Abel to ask about his evaluation and raise. Again, nothing was done to rectify the situation, so Sanders elevated his complaint to Bellows.

19. On October 11, 2019, Sanders was demoted to Melt Mold Worker, and his pay was decreased to $18.00 per hour.

21. Sanders, who had been the only African-American supervisor, was replaced by a Caucasian employee, Joe Dildine, Jr. When Dildine was hired as a supervisor, with limited experience, he was offered and paid at a higher rate that Sanders was paid.

22. Similarly situated Caucasian employees were treated more favorably.

## V. CAUSES OF ACTION

### COUNT I: TITLE VII – RACE DISCRIMINATION

23. Sanders hereby incorporates paragraphs one (1) through twenty-two (22) of his Complaint.

24. Defendant violated Sanders's rights and discriminated against him based on his race.

25. Defendant's actions were intentional, willful, and in reckless disregard of Sanders's rights as protected by Title VII of the Civil Rights Act of 1964.

26. Sanders has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: TITLE VII – RETALIATION

27. Sanders hereby incorporates paragraphs one (1) through twenty-six (26) of his Complaint.

28. Defendant violated Sanders's rights by retaliating against him for making a complaint of race discrimination.

29. Defendant's actions were intentional, willful, and in reckless disregard of Sanders's rights as protected by Title VII of the Civil Rights Act of 1964.

30. Sanders has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Carl Sanders, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoins Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her race;

2. Reinstate Plaintiff to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

3. Order that the Plaintiff be awarded any back pay he would have earned, including fringe benefits with related money benefits and interests thereon, absent Defendant's unlawful acts;

4. Award the Plaintiff compensatory damages, consequential damages, and lost wages and benefits in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's wrongful actions;

5. Award the Plaintiff his attorney fees, litigation expenses, and costs incurred as a result of this action;

6. Award the Plaintiff pre-and post-judgement interest on all sums recoverable; and

7. Grant such other relief as may be just and proper.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych III*_____
Andrew Dutkanych III
144 N. Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
*Counsel for Plaintiff, Carl D. Sanders*

## DEMAND FOR JURY TRIAL

Plaintiff, Carl D. Sanders, by counsel, request a trial by jury on all issues deemed so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych III*_____
Andrew Dutkanych III
144 N. Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
*Counsel for Plaintiff, Carl D. Sanders*